# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELLE DOREEN BINGAMAN,** | : | **CIVIL ACTION NO. 1:19-CV-524** |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **ANDREW M. SAUL,** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 23rd day of October, 2019, upon consideration of the report (Doc. 16) of Chief Magistrate Judge Susan E. Schwab, recommending that the court vacate the decision of the Commissioner of Social Security ("Commissioner") and remand for rehearing before a new, constitutionally appointed administrative law judge, a recommendation based on this court's decisions in Bizarre v. Berryhill, 364 F. Supp. 3d 418 (M.D. Pa. 2019) (Conner, C.J.), and Cirko v. Berryhill, No. 1:17-CV-680, 2019 WL 1014195 (M.D. Pa. Mar. 4, 2019) (Conner, C.J.), and further upon consideration of the Commissioner's motion (Doc. 17) to stay, asking the court to stay proceedings in this case pending the outcome of the appeals filed in Bizarre and Cirko, as well as plaintiff's opposition (Doc. 20) to that motion, and the court observing the United States Supreme Court's recognition that "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues," Bechtel Corp. v. Local 215, Laborers' Int'l Union of N.A., AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976) (quoting Am. Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937)), but that

"[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," Landis v. N. Am. Co., 299 U.S. 248, 255 (1936), and further observing that a party seeking such a stay "must make out a clear case of hardship or inequity in being required to go forward," id., and the court determining that the Commissioner has not satisfied this burden, and finding specifically (1) that that any stay in this case is likely to last several months, in that oral argument in Bizarre and Cirko has been calendared for November 13, 2019, and that the Third Circuit's Internal Operating procedures contemplate a period of at least 60 days following assignment (or the close of supplemental briefing) for circulation of a draft opinion, see 3D CIR. I.O.P. 5.5.3 (2015); (2) that the Commissioner's claimed inconvenience from being required to proceed in this case does not qualify as a "clear case of hardship"; and (3) that, assuming some inconvenience to the Commissioner *arguendo*, that inconvenience is far outweighed by plaintiff's interest in not further delaying her pursuit of disability insurance benefits, a process she began nearly four years ago, and the court thus concluding that a stay of the above captioned action is neither warranted nor appropriate, it is hereby ORDERED that:

1. The Commissioner's motion (Doc. 17) to stay is DENIED.

2. Any objections to the report (Doc. 16) of Chief Magistrate Judge Schwab shall be filed within 14 days of the date of this order.

          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner, Chief Judge
          United States District Court
          Middle District of Pennsylvania